# UNITED STATES DISTRICT COURT
### for
### NORTHERN DISTRICT OF TEXAS

## Petition for Person Under Supervision

| | |
|---|---|
| Person Under Supervision: | Eric Warner Cawthon    Case No.: 2:26-CR-055-Z(01) |
| Name of Sentencing Judge: | U.S. District Judge Robert A. Junell, Western District of Texas, Midland Division. (Jurisdiction transferred to U.S. District Judge Matthew J. Kacsmaryk, Northern District of Texas, Amarillo Division, on June 1, 2026.) |
| Date of Original Sentence: | September 23, 2014 |
| Original Offense: | Attempted Coercion & Enticement of a Minor to Engage in Sexual Activity, 18 U.S.C. § 2422(b), Class A Felony |
| Original Sentence: | 120 months custody, 10-year term of supervised release |
| Detainers: | None |
| U.S. Marshals No.: | 34505-380 |
| Type of Supervision: | Supervised Release  Date Supervision Commenced: January 18, 2022 |
| Assistant U.S. Attorney: | Austin M. Berry    Defense Attorney: David G. Rogers (Court appointed) |

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes the person under supervision violated the following conditions:

### Previous Court Notifications

On July 1, 2026, Request for Summons and Modification of the Conditions or Term of Supervision Without Consent of the Person Under Supervision was filed requesting additional conditions prohibiting unsupervised contact with minors, restricting access to sexually explicit materials, and limiting internet access and internet-capable devices. The Court was notified of Eric Warner Cawthon's failure to attend counseling as directed and unauthorized travel outside the district. The Court ordered submission of a petition for a warrant. These violations are included below.

### I.

### Violation of Standard Condition No. 14

If convicted of a sex offense as described in the Sex Offender Registration and Notification Act or has a prior conviction of a State or local offense that would have been an offense as described in the Sex Offender Registration and Notification Act if a circumstance giving rise to federal jurisdiction had existed, the defendant shall participate in a sex offender treatment program approved by the probation officer. The defendant shall abide by all program rules, requirements, and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if the defendant is in compliance with the conditions of release.

Eric Warner Cawthon
Petition for Person Under Supervision

The defendant may be required to contribute to the costs of the services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

## Nature of Noncompliance

Eric Warner Cawthon violated this condition of supervised release by failing to attend his Sex Offender Treatment Program (SOTP) individual counseling with Troy Timmons (Timmons), the sex offender treatment provider in Amarillo, Texas, on November 4 and 26, 2025. Mr. Cawthon violated this condition of supervised release by failing to attend his SOTP group counseling at Timmons on or about November 25, 2025; January 13, 2026; February 17, 2026; and June 23, 2026.

II.

## Violation of Standard Condition No. 1

The defendant shall not leave the judicial district without permission of the court or probation officer.

## Nature of Noncompliance

Mr. Cawthon violated this condition of supervised release by traveling to Albuquerque, New Mexico, on or about March 10, 2026, without permission from the court or probation officer.

## Personal History

Eric Warner Cawthon commenced his term of supervised release under the U.S. Probation Office in Amarillo, Texas, on January 18, 2022. He has maintained residency in Amarillo and has been employed throughout his supervision.

Since beginning supervised release, Mr. Cawthon has demonstrated ongoing noncompliance with sex offender-specific treatment and supervision. Treatment providers reported resistance to participation, including combative behavior when concerns were raised about his engagement, distraction during group sessions, and inconsistent attendance at both individual and group counseling.

Mr. Cawthon has also repeatedly entered relationships with adult females who have minor children, resulting in recurring supervision concerns. In 2024, Child Protective Services investigated his relationship with a woman who had two minor children; although the case was closed without findings, he was approved to reside in the home only after his girlfriend completed chaperone training. In October 2025, law enforcement received allegations that he had unsupervised contact with another girlfriend's minor child. While he denied the allegations, he acknowledged involvement in custody proceedings concerning the child. That relationship ended in April 2026. Most recently, he reported pursuing a relationship with another woman whose children are involved in an unrelated sexual abuse investigation.

Although there is no evidence Mr. Cawthon has committed a new sexual offense, his repeated pattern of pursuing relationships that place him in close proximity to vulnerable minors has resulted in multiple allegations and investigations during supervision. A January 2026 sex offender assessment concluded that Mr. Cawthon is not a high-risk or predatory sexual offender but identified ongoing contextual vulnerabilities and noted the repeated post-release allegations involving minors.

Eric Warner Cawthon
Petition for Person Under Supervision

Over time, a pattern has emerged involving repeated relationships with women who have minor children, multiple allegations concerning contact with minors, inconsistent treatment participation, and continued difficulties demonstrating insight into risk-related situations. Additionally, Mr. Cawthon left the district without permission. Based on the violation conduct, a Petition for Person Under Supervision is being submitted to the Court for revocation proceedings.

### Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 5 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Not applicable |
| **Fine:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | Up to Life, minus revocation sentence. 18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Additionally, in U.S. v. Campos, 922 F.3d 686 (5th Cir. 2019), the Fifth Circuit held that the mandatory minimum term of supervised release that is authorized by statute for the offense that resulted in the original term of supervised release does not apply to post-revocation terms of supervised release. Therefore, a defendant is subject only to the maximum (and not any mandatory minimum) term of supervised release.

### Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG §7C1.1(a), p.s. |
| **Criminal History Category:** | I | USSG §7C1.5, p.s. |
| **Imprisonment Range:** | 3 to 9 months | USSG §7C1.5, p.s. |
| **Fine:** | None | USSG §7C1.4, comment. (n.4) |

Pursuant to USSG §7C1.3(b), the Court shall revoke supervised release if required by statute. Otherwise, the Court should conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. Revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

In Esteras v. U.S., 606 U.S. 185 (2025), the Supreme Court held that a sentencing court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when determining a sentence following a revocation of a term of supervised release.

In Tapia v. U.S., 564 U.S. 319 (2011), the Supreme Court held that 18 U.S.C. § 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

Eric Warner Cawthon
Petition for Person Under Supervision

I declare under penalty of perjury that the
foregoing is true and correct.

Executed on July 6, 2026
Respectfully submitted,                        Approved,


Juan Lopez                                     Gema Delgado Reyes
U.S. Probation Officer                         Supervising U.S. Probation Officer
Amarillo division                              Phone: 806-337-1752
Phone: 806-337-1754
Email: juan_lopez@txnp.uscourts.gov


## Order of the Court:

☐   No action.

☒   The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of
     record until arrest effectuated.

☐   The Issuance of a Summons.

☐   Other or Additional:

_____

_____

☐   File under seal until further order of the Court.

                                               The Honorable Matthew J. Kacsmaryk
                                               U.S. District Judge

                                               7/9/2026
                                               Date